NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 6, 2007
Decided March 12, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-2303

| | |
|---|---|
| THOMAS D. EVANS,<br>　　　　*Plaintiff-Appellant,* | Appeal from the United States<br>District Court for the Northern<br>District of Illinois, Eastern Division. |
| 　　*v.* | No. 05 C 5470 |
| UNITED STATES POSTAL<br>SERVICE,<br>　　　　*Defendant-Appellee.* | Ruben Castillo,<br>*Judge.* |

**O R D E R**

Thomas Evans was a mail handler for the United States Postal Service ("USPS") until he was fired in 2003. USPS contends that Evans was absent without leave for two weeks, and that this was its reason for firing him. Evans thought that the termination violated the terms of the collective bargaining agreement ("CBA") between USPS and the National Postal Mail Handlers Union, so he asked the union to intercede on his behalf. It did, invoking the CBA's grievance procedure and representing Evans in arbitration, but the arbitral body upheld his termination. Evans then filed this action against USPS in federal court, again insisting that he was improperly fired in violation of the CBA. The district court dismissed the

complaint, holding that since Evans had made clear that he did not intend to argue that the union had performed inadequately at the arbitration, he had to accept the arbitral body's decision and could not sue his employer. This appeal followed. We agree with the district court and affirm the dismissal of the complaint.

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, allows an employee to file a lawsuit for violation of the CBA between his union and his employer. But a critical factor in such a suit is whether the CBA contains procedures, such as arbitration, for resolving employment disputes. *See Filippo v. N. Ind. Pub. Servs. Corp.*, 141 F.3d 744, 748 (7th Cir. 1998). If the CBA does not contain grievance procedures, then the employee can sue the employer in what is known as a straightforward § 301 claim. *See, e.g., Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696 (1966). That type of suit is in many respects akin to an ordinary contract action at common law. *See id.* However, if the CBA *does* contain grievance procedures, then the employee's options for filing a lawsuit are limited. He must utilize those grievance procedures, and if he loses, he must accept the arbitral result as final, for there is a strong policy against courts upsetting arbitral decisions, particularly in the area of labor law. *See Thomas v. United Parcel Serv., Inc.*, 890 F.2d 909, 915 (7th Cir. 1989).

There are several well-established exceptions, however, to the finality of an arbitral decision dealing with an alleged breach of a CBA. The one that is pertinent here comes into play if the employee believes that his union did not adequately press his rights during the grievance process. *See Vaca v. Sipes*, 386 U.S. 171, 185–87 (1967); *see also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163–65 (1983). In that situation, the employee may file a "hybrid" suit alleging that his union breached the duty of fair representation and that his employer breached the CBA. The policy behind this exception is that it would be unjust to force a disgruntled employee to abide by the CBA's dispute process when his union did not sufficiently represent him there. *See Vaca*, 386 U.S. at 185–86. So in any hybrid suit, the first thing a plaintiff must show is that the union breached its duty of fair representation; if he cannot, then his claims against his employer necessarily fail. *E.g., Greenslade v. Chi. Sun-Times, Inc.*, 112 F.3d 853, 868 (7th Cir. 1997). He need not sue both the union and the employer, but he must make the showing against the union in order to proceed. *See DelCostello*, 462 U.S. at 164–65.

Here, Evans's complaint makes no allegations against the union, and he concedes that he was not dissatisfied with its handling of the arbitration. This dooms his suit. He cannot convert what is, by its nature, a hybrid suit into a straightforward § 301 claim simply by naming only his employer as a defendant. *See id.* Perhaps Evans could amend his complaint or eventually show through evidence that the union breached its duty, but he has stated repeatedly that he does not intend to do this. This is not technically pleading himself out of court since

these statements were not contained in pleadings, but the effect is the same, for he has said too much. Evans must abide by the arbitral body's decision to uphold his termination. The case was properly dismissed, and the judgment of the district court is AFFIRMED.